**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BULLSEYEBORE, INC.,<br><br>       Plaintiff,<br><br>       v.<br><br>The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A,<br><br>       Defendants. | Case No. \_\_-cv-\_\_\_\_\_<br><br>**JURY TRIAL DEMANDED** |

**VERIFIED COMPLAINT**

Plaintiff Bullseyebore, Inc. (referred to herein as "Plaintiff") hereby brings the present action against all Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associates Identified on Schedule A (collectively, "Defendants"), attached hereto, as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. § 1338(a)–(b) (copyright jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants structure their business activities so as to target consumers in the United States, including Illinois, through at least the fully interactive e-commerce stores operating under the aliases identified on Schedule A

attached hereto (the "Seller Aliases"). Specifically, Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, sell products which infringe Plaintiff's copyrighted works and trademark rights, as described below (collectively, the "Unauthorized Products"), to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the state of Illinois.

## INTRODUCTION

3. Plaintiff filed this case to prevent e-commerce store operators who infringe upon Plaintiff's registered copyright and trademark rights from further selling and/or offering for sale Unauthorized Products. The existence of the Unauthorized Products has hampered Plaintiff's ability to enter and expand its footprint in the market, a market within which Plaintiff should have exclusionary rights under its copyrights and trademarks.

4. Defendants create e-commerce stores under one or more Seller Aliases and then advertise, offer for sale, and/or sell Unauthorized Products to unknowing consumers. E-commerce stores operating under the Seller Aliases share identifiers, such as design elements and similarities of the Unauthorized Products offered for sale, establishing that a logical relationship exists between them, and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants take advantage of a set of circumstances, including the anonymity and mass reach afforded by the Internet and the cover afforded by international borders, to violate Plaintiff's intellectual property rights with impunity. Defendants attempt to avoid liability by operating under one or more Seller Aliases to conceal their identities, locations, and the full scope and interworking of their infringing operation. Plaintiff

is forced to file this action to combat Defendants' infringement of its copyrighted works and trademark rights, as well as to protect consumers from purchasing Unauthorized Products over the internet. Plaintiff has been, and continues to be, irreparably damaged through loss of market share (including the inability to generate and expand market share) and erosion of Plaintiff's copyright and trademark rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

### THE PARTIES

5. Plaintiff, Bullseyebore, Inc., is a Wyoming corporation with its principal place of business at 1613 Evans Avenue #490, Cheyenne, WY 82001-4616.

6. Plaintiff additionally owns the copyright in the original marketing photographs used to promote its laser-alignment tool product, registered with the U.S. Copyright Office under Registration No. VA 2-378-708, effective January 14, 2024, covering a group of 16 published photographs titled "Bullseye Bore Photographs for website October 2023" (the "Registered Work"). A true and correct copy of the copyright registration certificate is attached hereto as **Exhibit 1**.

7. Plaintiff additionally owns U.S. Trademark Registration No. 7585987 (the "Registered Mark"), covering the distinctive BULLSEYEBORE mark as applied to its laser-alignment drill guide products. The Registered Mark is affixed directly to Plaintiff's product and its packaging, serving as a source identifier for consumers. A true and correct copy of the trademark registration certificate is attached hereto as **Exhibit 2**.

8. Plaintiff has invested substantial resources developing its unique laser-based alignment tool, which has achieved significant commercial success and viral popularity. Plaintiff's product, a precision alignment tool for rotary boring applications, is marketed under the

BULLSEYEBORE brand and is available for sale on Plaintiff's website and major e-commerce platforms.

9.     Plaintiff's product (*i.e.*, the laser-aligned drill guide) is a precision tool for woodworking and construction tasks that require accurate hole placement. The device employs a laser-based alignment system and coupling mechanism, providing users with a unique and superior drilling guide experience.

10.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their infringing network. If Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

11.     The commercial success of Plaintiff's copyrighted marketing photographs and trademark rights have resulted in significant infringement of Plaintiff's intellectual property. The significant infringement has hampered Plaintiff's ability to generate and expand market share for its BULLSEYEBORE line of products. Because of this, Plaintiff has implemented an anti-infringement program that involves investigating suspicious websites and online marketplace listings identified in proactive Internet sweeps. Recently, Plaintiff has identified many fully interactive e-commerce stores offering Unauthorized Products on online marketplace platforms like Amazon.com, Inc. ("Amazon"), eBay, Inc. ("eBay"), and Walmart, Inc. ("Walmart"), including the e-commerce stores operating under the Seller Aliases. True and correct copies of the

screenshot printouts showing the active e-commerce stores operating under the Seller Aliases reviewed are attached as **Exhibit 3**.

12. E-commerce store operators like Defendants commonly engage in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

13. E-commerce store operators like Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Unauthorized Products. Such seller alias registration patterns are one of many common tactics used by e-commerce store operators like Defendants to conceal their identities and the full scope and interworking of their infringing operation, and to avoid being shut down.

14. Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit contact information or other information for identifying Defendants or other Seller Aliases they operate or use. E-commerce stores operating under the Seller Aliases include other common features, such as registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images. Additionally, Unauthorized Products for sale by the Seller Aliases bear similar irregularities and indicia of being infringing to one another, suggesting that the Unauthorized Products were manufactured by and come from a common source and that Defendants are interrelated.

15.     E-commerce store operators like Defendants communicate with each other through QQ.com chat rooms and utilize websites, like sellerdefense.cn, that provide tactics for operating multiple online marketplace accounts and evading detection by intellectual property owners. Websites like sellerdefense.cn also tip off e-commerce store operators like Defendants of new intellectual property infringement lawsuits filed by intellectual property owners or exclusive licensees, such as Plaintiff, and recommend that e-commerce operators cease their infringing activity, liquidate their associated financial accounts, and change the payment processors that they currently use to accept payments in their online stores.

16.     Infringers such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Plaintiff's enforcement. E-commerce store operators like Defendants maintain offshore bank accounts and regularly move funds from their financial accounts to offshore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to plaintiffs.

17.     Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Unauthorized Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without any authorization or license from Plaintiff have, jointly and severally, knowingly and willfully infringed Plaintiff's Registered Work and trademark rights in connection with the use and/or manufacturing of Unauthorized Products and distribution, offering for sale, and sale of Unauthorized Products into the United States and Illinois over the Internet. In furtherance of this scheme, Defendants have deliberately digitally removed or obscured Plaintiff's Registered Mark (U.S. Trademark Reg. No. 7585987) from Plaintiff's copyrighted photographs, while continuing to reproduce and publicly

display those photographs without authorization, thereby concealing the infringing origin of the Unauthorized Products and compounding the harm to Plaintiff's intellectual property rights.

18. Plaintiff's comprehensive investigation into the Defendants' infringing activities is detailed in the Drill Guide Research Report (the "Research Report"), a 261-page evidentiary compilation covering 48 unique infringing entities operating 54 distinct product listings across Amazon, Walmart, and eBay. The Research Report catalogues the specific Seller Aliases, Seller IDs, Product IDs, product names, pricing data, and photographic evidence of infringement for each Defendant. The Unauthorized Products are marketed under various generic descriptive names including "Drill Guide for Hand Drill," "Precise Hole Alignment Gauge," "Woodworking Drill Jig," "Portable Drill Guide," and "Drill Hole Position Light Locator," among others.

19. The investigation revealed two principal variants of the Unauthorized Products: (i) a standard ABS plastic drill guide sold primarily by the Amazon Group (11 sellers, priced at $11–$17) and the Walmart Group (20 sellers), and (ii) an enhanced drill guide with integrated LED lighting sold primarily by the eBay Group (17 sellers, marketed as "Drill Hole Position Light Locator" products). Both variants incorporate the light-source and coupling mechanisms embodied in Plaintiff's proprietary product design.

20. Defendants' unauthorized reproduction of Plaintiff's Registered Work, infringement of Plaintiff's Registered Mark, and the false designation of origin in connection with the distribution, offering for sale, and sale of Unauthorized Products, including the sale of Unauthorized Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's intellectual property rights and is irreparably harming Plaintiff.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

21.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

22.     Plaintiff owns a valid and enforceable copyright in the original marketing photographs used to promote its BULLSEYEBORE product, registered as U.S. Copyright Reg. No. VA 2-378-708. A true and correct copy of the copyright registration and the copyrighted photographs are attached hereto as **Exhibit 1**.

23.     Defendants had access to Plaintiff's copyrighted work, as evidenced by the widespread commercial distribution and viral popularity of Plaintiff's product and marketing materials.

24.     Defendants, without authorization from Plaintiff, have reproduced, distributed, and publicly displayed Plaintiff's copyrighted "hero" photographs on their product listing pages across Amazon, Walmart, and eBay. The infringement is not merely similar; it involves the unauthorized, verbatim reproduction of the registered photographs. *See* **Exhibit 1** and **Exhibit 3**.

25.     Compounding their copyright infringement, Defendants have deliberately and willfully digitally removed or obscured the BULLSEYEBORE Registered Mark (U.S. Trademark Reg. No. 7585987) from Plaintiff's copyrighted photographs prior to reproducing and publicly displaying those photographs in connection with the Unauthorized Products. This digital alteration of Plaintiff's copyrighted photographs to remove the Registered Mark constitutes a separate and additional wrongful act beyond mere reproduction: Defendants have not only copied Plaintiff's protected images without authorization, but have deliberately excised the source-identifying trademark embedded within those images in a further effort to disguise the counterfeit nature of the Unauthorized Products and to suppress consumer recognition of the authentic BULLSEYEBORE product.

26. Defendants' reproduction and display of the copyrighted photographs constitutes infringement of Plaintiff's exclusive rights under 17 U.S.C. §§ 106(1), 106(3), and 106(5).

27. Defendants' infringement of the Registered Work has been willful, deliberate, and intentional. Defendants deliberately copied Plaintiff's proprietary imagery to leverage Plaintiff's marketing success and consumer recognition, effectively passing off their inferior, infringing products as the authentic BULLSEYEBORE product.

28. Because the Defendants' infringement was committed willfully, Plaintiff elects to recover statutory damages pursuant to 17 U.S.C. § 504(c). Under 17 U.S.C. § 504(c)(2), Plaintiff is entitled to enhanced statutory damages of up to $150,000 per copyrighted work infringed.

29. Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

## COUNT II
## FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION (15 U.S.C. § 1125(A))

30. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

31. Plaintiff has established common law and federal trademark rights in the BULLSEYEBORE name and the distinctive red/black circular design mark used in commerce since 2023, including rights arising from U.S. Trademark Registration No. 7585987 (the "Registered Mark"). The Registered Mark is physically affixed to Plaintiff's products and packaging. These marks function as source identifiers and have acquired secondary meaning among consumers.

32. Despite Plaintiff having valid and enforceable copyrights and trademark rights which were embodied in Plaintiff's Products and sold to consumers in what should have been an otherwise exclusive market, Defendants have developed, manufactured, imported, advertised,

and/or sold Unauthorized Products that infringe upon Plaintiff's Registered Work and Registered Mark. *See* **Exhibits 1, 2, and 3**. These acts of infringement have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

33. By selling products which infringe upon Plaintiff's intellectual property, employing confusingly similar generic product names and descriptions that mirror Plaintiff's product category, and utilizing Plaintiff's copyrighted imagery and product appearance, Defendants are creating a composite product trade dress that falsely designates the origin of their goods and competing for sales with Plaintiff in an unfair and unlawful manner. Moreover, Defendants have deliberately digitally removed or obscured the BULLSEYEBORE Registered Mark (U.S. Trademark Reg. No. 7585987) from Plaintiff's copyrighted photographs before reproducing and displaying those photographs in their product listings. Such deliberate removal of the Registered Mark from Plaintiff's copyrighted images constitutes an additional act of willful unfair competition, further concealing the infringing nature of the Unauthorized Products and depriving consumers of the source-identifying information to which they are entitled.

34. Defendants' unlawful, unauthorized and unlicensed manufacture, distribution, offer for sale and/or sale of Unauthorized Products creates express and implied misrepresentation that Unauthorized Products were created, authorized, or approved by Plaintiff, allowing Defendants to profit from the goodwill, time, research, and development of Plaintiff's copyrighted works and trademark rights, while causing Plaintiff irreparable and immeasurable injury.

35. On information and belief, Defendants have intentionally and blatantly infringed upon Plaintiff's intellectual property by selling Unauthorized Products to take unfair advantage of the enormous time, effort, and expense spent in connection with Plaintiff's Registered Work,

Registered Mark, and Plaintiff's efforts to cultivate a successful market for the BULLSEYEBORE product in online marketplaces.

36.     On information and belief, Defendants have offered to sell and knowingly sold Unauthorized Products with the understanding that, as foreign entities, any enforcement efforts by Plaintiff would be difficult as many countries, including and especially China, make enforcement efforts of foreign IP difficult and collection of any judgments highly improbable.

37.     Defendants' acts, as described herein, violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendants' sale and/or offer of sale of products which infringe Plaintiff's intellectual property constitutes unfair competition and false designation of origin.

38.     Plaintiff has no adequate remedy at law and, if the Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  Making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Registered Work or Registered Mark (U.S. Trademark Reg. No. 7585987); and

    b.  Aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Registered Work, Registered Mark (U.S. Trademark Reg. No. 7585987), or common law trademark rights.

2) Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, eBay, and Walmart, shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe Plaintiff's intellectual property.

3) That this Court order the impoundment and destruction, or other reasonable disposition, of all Unauthorized Products and all materials used in connection therewith that are in Defendants' possession or control and that infringe Plaintiff's Registered Work, pursuant to 17 U.S.C. § 503, and that this Court further order the destruction of all articles in Defendants' possession or control bearing the Registered Mark (U.S. Trademark Reg. No. 7585987) without authorization, or bearing any reproduction, counterfeit, copy, or colorable imitation thereof, including all plates, molds, matrices, and other means of making such articles, pursuant to 15 U.S.C. § 1118;

4) That Judgment be entered against Defendants finding that they have willfully infringed Plaintiff's Registered Mark (U.S. Trademark Reg. No. 7585987) and engaged in unfair competition by digitally removing or obscuring the Registered Mark from Plaintiff's copyrighted photographs while continuing to reproduce and publicly display those photographs in connection with the Unauthorized Products, and that Plaintiff be awarded all damages available under 15 U.S.C. § 1117, including Defendants' profits, Plaintiff's actual damages, and costs of the action.

5) That this Court order Defendants to provide a full and complete accounting of all profits derived from the sale, distribution, and/or promotion of the Unauthorized Products, including all revenues received, costs deducted, and net profits realized, from the

infringement of Plaintiff's Registered Work and Registered Mark, pursuant to 17 U.S.C. § 504(b) and 15 U.S.C. § 1117(a), so that Plaintiff may recover all profits to which it is entitled;

6) That this Court, as necessary to preserve Plaintiff's ability to obtain an effective remedy and to prevent Defendants from secreting, dissipating, or transferring assets beyond the reach of this Court, issue a temporary restraining order and preliminary injunction, pursuant to Fed. R. Civ. P. 65 and this Court's equitable powers, restraining and enjoining Defendants, and all financial institutions, payment processors, banks, escrow services, money transmitters, and marketplace platforms acting in concert with them, from transferring, withdrawing, disbursing, dissipating, encumbering, or otherwise disposing of any funds, monies, or assets held in any accounts associated with Defendants or the Seller Aliases, pending final judgment in this action or further order of this Court;

7) That Judgment be entered against Defendants finding that they have infringed upon Plaintiff's Copyrighted Works in violation of 17 U.S.C. § 501(a) and 17 U.S.C. §§ 106(1)–(3), (5);

8) That Defendants, and all persons acting in concert with them, be permanently enjoined from reproducing, distributing, publicly displaying, or otherwise infringing Plaintiff's Registered Work, pursuant to 17 U.S.C. § 502, including any reproduction of Plaintiff's copyrighted photographs from which Plaintiff's Registered Mark has been digitally removed or altered;

9) That Defendants, and all persons acting in concert with them, be permanently enjoined from infringing Plaintiff's Registered Mark (U.S. Trademark Reg. No. 7585987) and from engaging in any acts of unfair competition, false designation of origin, or false description

with respect to Plaintiff's products or intellectual property, pursuant to 15 U.S.C. § 1116;

10) As a direct and proximate result of Defendants' infringement of Plaintiff's Copyrighted Work, Plaintiff is entitled to damages as well as Defendants' profits, pursuant to 17 U.S.C. § 504(b);

11) Alternatively, and at Plaintiff's election prior to any final judgment being entered, Plaintiff is entitled to the maximum amount of statutory damages provided by law, $150,000 per work infringed pursuant to 17 U.S.C. § 504(c), or for any other such amount as may be proper pursuant to 17 U.S.C. § 504(c);

12) That Plaintiff be awarded its reasonable attorneys' fees and costs of bringing this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a); and

13) Award any and all other relief that this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Date: April 7, 2026                                         Respectfully submitted,


                                                            /s/ Nicholas S. Lee
                                                            Nicholas S. Lee
                                                            nslee@nslegal-ip.com
                                                            332 S. Michigan Ave
                                                            Suite 900
                                                            Chicago, IL 60604
                                                            T:  (224) 360-3293

                                                            *Counsel for Plaintiff, Bullseyebore, Inc.*

## **VERIFICATION**

I, John Cerwin, hereby certify as follows:

1. I am the president for Bullseyebore, Inc. As such, I am authorized to make this Verification on Bullseyebore, Inc.'s behalf.

2. I have read the foregoing Verified Complaint and, based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the Verified Complaint are true.

3. I certify under penalty of perjury under the laws of the United States of America that the foregoing statements made by me are true and correct.

Executed in _____**Illinois**_____ on _____**April 7**_____, 2026

_____
John Cerwin
President
Bullseyebore, Inc.